IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMETRICK WILLIAMS, | § | |
| TDCJ # 1783663, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1710 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Demetrick Williams (TDCJ #1783663), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has answered with a motion for summary judgment, arguing that the petition must be denied [Doc. # 19].  Williams has filed a reply [Doc. # 21].  After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion, denies the petition, and dismisses this case for reasons that follow.

## I.      BACKGROUND

On February 16, 2012, Williams was charged by indictment with committing aggravated assault with a deadly weapon, a second degree felony [Doc. # 13-8, p. 33].

Williams pled guilty to the offense, and after accepting his plea, the state district court sentenced Williams to three years in prison. *State v. Williams*, No. 1335645 (209th Dist. Ct., Harris County, Tex., Apr. 30, 2012). No direct appeal was filed.

On July 16, 2012, Williams filed a state application for a writ of habeas corpus challenging the conviction pursuant to Article 11.07 of the Texas Code of Criminal Procedure. His only ground for relief was that his trial attorney was ineffective by misleading him regarding the evidence needed to prove his guilt when he entered his plea [Doc. 13-8, p. 13]. The Texas Court of Criminal Appeals denied the application without a written order based on the trial court's findings. *Id.* at 2; *Ex parte Williams*, No. 78,967-02 (Tex. Crim. App. Apr. 17, 2013). Williams filed a second state post-conviction application for a writ of habeas corpus on September 11, 2012 [Doc. # 13-10, p. 7]. Like his first state habeas application, Williams's only ground for relief was denial of effective assistance of counsel in giving misinformation during the plea regarding the evidentiary requirement. *Id.* at 12. The Court of Criminal Appeals denied the second habeas application without a written order. *Id.* at 2; *Ex parte Williams*, No. 78,967-02 (Tex. Crim. App. Apr. 17, 2013).

Williams now seeks a federal writ of habeas corpus to challenge his state court conviction for aggravated assault with a deadly weapon. He asserts the following claims in his petition:

-2-

1.  Williams was denied effective assistance of counsel when his trial attorney:

    a.  Failed to challenge the charging instrument;

    b.  Gave Williams misleading advice that caused him to enter an involuntary guilty plea;

    c.  Failed to Object to the sentence; and

2.  The trial court violated Williams's constitutional right to a fair hearing.

[Doc. # 1, pp. 6-7; Doc. # 2].

The respondent has filed a motion for summary judgment arguing that all but one of Williams's claims are procedurally barred.   The respondent further contends that there is no merit to the one claim that is not barred  and that Williams's petition must be denied.  Williams disagrees.  The parties' contentions are discussed further below under the governing federal habeas corpus standard of review.

## II.   <u>STANDARD OF REVIEW</u>

Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure.  However, this habeas corpus proceeding  is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy,* 521 U.S. 320, 335–36(1997); *see also Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).   To the extent that the petitioner's claims were

"adjudicated on the merits" in state court, the AEDPA standard found at 28 U.S.C. § 2254(d) applies.[1]

Claims presenting pure questions of law and mixed questions of law and fact are governed by 28 U.S.C. § 2254(d)(1), which precludes habeas relief unless a petitioner demonstrates that the state court's decision to deny a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *McGowen v. Thaler*, 675 F.3d 482, 489 (5th Cir. 2012). A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than

---

[1] In addition, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). Additional limitations on federal review apply. A state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

As this deferential standard reflects, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the

extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted). In that respect, the AEDPA standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011). The Supreme Court has underscored the extent of this deferential standard:

> [28 U.S.C. § 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining [a writ of] habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786-87. This deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, — U.S. —, 131 S. Ct. at 785 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"). With this deferential standard in mind, the petitioner's claims are examined below under the applicable legal standard.

### III.   **DISCUSSION**

#### A.   **Respondent's Contentions on Unexhausted or Procedurally Barred Claims**

Williams presents several claims for the first time in his federal petition for a writ of habeas corpus.  He contends that he was denied effective assistance of counsel because his trial attorney failed to challenge the charging instrument and failed to object to the sentence (Claims 1.a. and 1.c.).  He also contends that the trial court violated his constitutional right to a fair hearing (Claim 2).  The respondent points out that Williams did not file a direct appeal and that he presented only one ground for relief in his state habeas applications: William's attorney was ineffective by giving misleading advice that resulted in an involuntary guilty plea.  The respondent contends that the other claims are unexhausted and that the Court of Criminal Appeals would dismiss the claims as procedurally barred under Texas law if Williams attempted to assert them in a third state application for a writ of habeas corpus.

#### B.   **The Exhaustion Requirement**

Under 28 U.S.C. § 2254(b), a petitioner is required to exhaust available state procedures before he may pursue habeas relief in the federal courts.  *See Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (citing *Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir. 2000)).  Generally, this requires a Texas prisoner challenging his

state custody to present his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or in a state application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).   The fact that a claim has "been through" the state court system is not enough to satisfy the exhaustion requirement; the highest court must have a reasonable opportunity to consider the merits of each of the claims presented in a federal habeas petition. *Picard v. Connor* 404 U.S. 270, 276-77 (1971); *see also Baldwin v. Reese,* 541 U.S. 27, 29 (2004) ("To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court ...." (quotation marks and citations omitted)).

The record shows that only one of Williams's claims has been exhausted and is subject to federal habeas review.  In many cases where a habeas petition contains both exhausted and unexhausted claims, it is a "mixed" petition which should be dismissed without prejudice to permit the petitioner to give the state courts an opportunity to consider the unexhausted claims. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).  The exhaustion requirement is not applicable if returning to the state courts would be a  exercise in futility. *Morris v. Dretke*,  413 F.3d 484, 492 (5th Cir. 2005) ("exhaustion is not required if it would plainly be futile.") (quoting *Graham v. Collins*, 94 F.3d 958, 969

-8-

(5th Cir. 1996)).

## C.   Procedural Bar

As noted above, Williams has filed two state habeas applications challenging his aggravated assault conviction.  He may not file another state habeas application challenging the same conviction regarding claims that could have been previously raised.  Tex. Code Crim. P. art. 11.07 § 4.   The United States Court of Appeals for the Fifth Circuit has consistently held that Texas's abuse-of-writ rule is ordinarily an "adequate and independent" procedural ground on which to base a procedural default ruling.   *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004); *Henderson v. Crockwell*, 333 F.3d 592, 605 (5th Cir. 2003); *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999).   Therefore, the claims are subject to dismissal pursuant to a procedural bar where there are no remedies available in the state courts. *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998).

Williams may only overcome his procedural default by demonstrating cause and prejudice or that failure to consider the claim would result in a fundamental miscarriage of justice.  *Morris*, 413 F.3d at 491-92.  Cause is demonstrated by establishing that some objective external factor impeded his efforts to present his claim to the state courts. *Meanes v. Johnson*, 138 F.3d 1007, 1011 (5th Cir. 1999). Prejudice is established when a petitioner demonstrates "not merely that the errors at

the plea due to the ineffectiveness of his attorney. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citing *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir. 1991)). This is because the right to effective assistance of counsel at a criminal proceeding is the bedrock of this country's justice system. *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309, 1317 (2012) (citing *Gideon v. Wainwright,* 372 U.S. 335, 344 (1963)).

To establish ineffective assistance of counsel, the petitioner must demonstrate both deficient performance and prejudice resulting from that deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to show deficient performance, the petitioner must demonstrate that his counsel's actions "'fell below an objective standard of reasonableness.'" *Jones v. Jones*, 163 F.3d 285, 300-01 (5th Cir. 1998), (quoting *Strickland,* 466 U.S. at 688). To establish prejudice, the petitioner must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harris v. Warden, Louisiana State Penitentiary*, 152 F.3d 430, 440 (5th Cir. 1998), (quoting *Strickland,* at 694). Claims of ineffective assistance of counsel are governed by § 2254(d)(1) because they involve mixed questions of law and fact. *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012). The petitioner has the burden of proving both his attorney's deficiency and the resulting prejudice. *Id.* The claim may be

-12-

dismissed based solely on a petitioner's failure to prove either his attorney's deficient performance or the prejudice to his defense. *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001); *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

When a petitioner contends that of his guilty plea was not voluntary on ineffective assistance grounds, he must show that his counsel's advice fell below the range of competence demanded of an attorney in a criminal case. *Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.1994)). He must also demonstrate prejudice by establishing that "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Id.* (citing *Armstead*, 37 F.3d at 206; *Carter v. Collins,* 918 F.2d 1198, 1200 (5th Cir.1990); *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir.1987) (citing *Hill,* 474 U.S. at 58–59).

Williams does not specify the advice his attorney gave him that allegedly misled him into pleading guilty. Under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petitioner must state the facts supporting each ground for relief. *See Murphy v. Dretke*, 416 F.3d 427, 436-37 (5th Cir. 2005). He may not rely on conclusory allegations or bald assertions to support his claim. *Id.* (citing *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990)

-13-

(conclusory allegations failed do not establish valid ineffective assistance of counsel claim); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding")).

The state habeas record shows that upon receiving Williams's 11.07 application for a writ of habeas of corpus, the state district court ordered Williams's trial attorney, Natasha Sinclair, to file an affidavit summarizing her actions as counsel during the proceedings and answering four questions regarding her counseling and investigation as well as whether Williams's plea was knowing and voluntary [Doc. # 13-8, pp. 41-42]. Sinclair responded with a three page statement detailing the extent of her work and her efforts to explain the charges and the evidence against Williams. *Id.* at 58-60. Sinclair states that there was videotape of the offense which she viewed. *Id.* at 58. She also read the police report and the complainant's statement. Sinclair also states that she explained to Williams that the State was alleging that he attempted to run over the complainant with a car while fleeing a cell phone store and that the car was a deadly weapon. *Id.* She also explained that it did not matter that the complainant was not injured because the State had alleged that Williams had threatened the victim with imminent bodily injury. *Id.* Sinclair further states that the prosecutor informed her that he would re-file the case as an aggravated robbery and would not make the three year offer again if Williams did not accept it.

-14-

She states that she informed Williams that aggravated robbery was a first degree felony and carried a minimum punishment of five years and a maximum punishment of life. *Id.*

Sinclair states that Williams fully understood the plea bargain. She states that she never coerced Williams to accept any plea and that he never told her he wanted a trial. *Id.* at 59. She also states that, consistent with her usual practice, she thoroughly went over the papers with Williams and explained each paragraph of the admonishments and the waivers to him. *Id.* In addition, the trial judge spent eight to ten minutes thoroughly reviewing the admonishments with Williams. *Id.* at 60. The state habeas judge entered findings accepting Sinclair's affidavit as credible and concluding that Williams had failed to prove that his plea was coerced or involuntary. *Id.* at 65. It was also determined that the totality of the representation afforded Williams was sufficient to protect his right to reasonably effective assistance of counsel. *Id.*

The trial court's record supports the findings. A copy of the Waivers and Admonishment, signed and initialed by Williams, is included in the state habeas record. *Id.* at 80-82. It includes language informing Williams of the offense charged, the punishment range, and the consequences of entering a plea pursuant to a plea bargain. *Id.* at 80. Williams acknowledged that he understood the consequences of

-15-

his plea and that he was entering it freely, knowingly, and voluntarily. *Id.*

The Court of Criminal Appeals denied Williams's claim of ineffective assistance of counsel based on the trial court's findings. *Id.* at 2. Sinclair's affidavit, along with the state court records, supports the state courts' factual findings and conclusions of law. *Wood v. Allen*, 558 U.S. 290, 293 (2010) (state court factual determinations presumed correct); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Register v. Thaler*, 681 F.3d 623, 629 (5th Cir. 2012); *see also Hutchins v. Secretary for Dept. of Corrections*, 273 F. App'x 777, 778 (11th Cir. 2008) (trial court records supported finding that guilty plea was knowing and voluntary).

Williams fails to show that the state court's decision to deny relief was unreasonable under the doubly deferential standard that applies on federal habeas review.  Importantly, Williams does not provide details in support of his claim that trial counsel was deficient or establish that any of the proposed issues were non-frivolous in nature.  Conclusory allegations of ineffectiveness are insufficient to demonstrate deficient performance or actual prejudice. *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009); *see also Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence).  Absent a showing that his

-16-

trial attorney was deficient or that he was actually prejudiced as a result, Williams fails to demonstrate that he was denied effective assistance of counsel. Likewise, Williams fails to show that the state court's decision to reject his ineffective-assistance claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Therefore, Williams is not entitled to relief on this issue. Because Williams has failed to establish that any of his claims merit relief, the respondent is entitled to summary judgment as a matter of law and the petition must be **DISMISSED**.

## IV.    PETITIONER'S MOTIONS

Williams has filed four motions seeking production of his state criminal records for review [Doc. ## 9, 18, 20, and 22]. A habeas petitioner, unlike a litigant in a standard civil proceeding is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The motions are **DENIED** because Williams has failed to demonstrate good cause for the production of his record. *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998).

Williams has also moved the amend his petition [Doc. # 21]. The motion was filed subsequent to the respondent's motion for summary judgment [Doc. # 19]. Williams's motion to amend is **DENIED** because it is untimely and fails to assert any facts or arguments which address the Court's findings and conclusions that this action

should be dismissed. *See Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995).

Williams has also filed two motions seeking a default judgment against the respondent [Doc. ## 16 and 23]. Default judgment is a drastic remedy, not favored by federal civil procedure rules and resorted to only in extreme situations. *Lewis v. Lynn*, 236 F.3d 766 (5th Cir. 2001). Williams's motions for default are **DENIED.** *Lemons v. Collins*, 992 F.2d 326, 1993 WL 152278, *1 (5th Cir. March 9, 1993) (default judgments are not appropriate in habeas cases) (unpublished).

## V.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the

-18-

district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner.  Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right.  Therefore, a certificate of appealability will not issue.

-19-

## VI.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.  The respondent's motions for extensions of time [Doc. ## 10 and 14] are **GRANTED**.

2.  The petitioner's motions [Doc. ## 9, 16, 18, 20, 21,22, and 23] are **DENIED.**

3.  The respondent's motion for summary judgment [Doc. # 19] is **GRANTED**.

4.  The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

5.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____February 28_____, 2014.

Nancy F. Atlas
United States District Judge

-20-